NUMBER 13-08-00582-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
CITY OF ALTON,                                                                         Appellant,
 
v.
 
CITY OF MISSION,                                                                       Appellee.
                                                                                                                      

On appeal from the 206th District Court 
of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Yañez, Garza, and Benavides
Memorandum Opinion by Justice YañezBy a single issue, appellant, the City of Alton (“Alton”), contends the trial court erred
in issuing a writ of mandamus directing it to satisfy a $60,000 judgment in favor of
appellee, the City of Mission (“Mission”).


 We affirm.
I. Background 
          In 2003, in a declaratory judgment action between Mission and Alton concerning 
extra-territorial jurisdiction, the trial court granted summary judgment and awarded
attorneys’ fees in favor of Mission.


 In 2005, this Court affirmed the judgment, and the
supreme court denied review.


 
          On June 8, 2008, Mission filed a petition for writ of mandamus with the trial court
requesting that the court direct Alton to pay the $60,000 judgment awarding attorneys’ fees
to Mission.


 Alton filed a response to Mission’s petition; the parties filed several more
“replies” and “responses.” On August 11, 2008, the trial court held a hearing on Mission’s
petition. On August 18, 2008, the trial court issued an order granting Mission’s petition for
writ of mandamus and issuing the writ. The writ, directed to the Mayor and City
Commissioners of Alton, stated:
          WHEREAS, on May 1, 2003, in the 206th District Court of Hidalgo
County, in Cause No. C-1131-01-D, City of Mission v. City of Alton, the Court
rendered judgment in favor of Mission against Alton which included an award
of $60,000 (hereinafter the “Judgment”);
 
          WHEREAS, Alton has the legal duty to satisfy the Judgment, Mission
has made written demand on Alton to satisfy the Judgment, and Alton has
neglected or refused to satisfy the Judgment;
 
          WHEREAS, the Judgment amount is fixed and certain; and Mission
has no adequate remedy at law in collecting the Judgment;
 
          THEREFORE, the City of Alton and its officers, Salvador Vela,
Ricardo Garza, Richard Alevalo, Emilio Cantu, Jr., Arturo Galvan and Hilario
Rincones, are HEREBY MANDATED to raise revenue to satisfy the
Judgment, including but not limited to, (1) using any current and future tax
year surplus revenue or revenue allocated for miscellaneous or contingency
expenses to satisfy the Judgment and (2) levying and collecting additional
taxes in future tax years, to the full extent of Alton’s taxing power in order to
satisfy the Judgment. 
          This appeal followed.
II. Applicable Law 
          Mandamus is the proper remedy by which a judgment can be enforced against a
political subdivision of the state.


 Through mandamus, a political subdivision can be
directed to levy and to collect sufficient taxes to satisfy judgments outstanding against the
entity when there are not sufficient funds on hand.



III. Discussion 
          Alton argues that it did not agree to pay attorneys’ fees in the underlying action and
“therefore, there was no implicit waiver of governmental immunity for involuntary payment
of attorney’s fees arising out of the Declaratory Judgment action.” We find Alton’s
argument unpersuasive. As the supreme court has stated, 
Sovereign immunity refers to the State’s immunity from suit and liability. In
addition to protecting the State from liability, it also protects the various
divisions of state government, including agencies, boards, hospitals, and
universities. Governmental immunity, on the other hand, protects political
subdivisions of the State, including counties, cities, and school districts.[


] 
 
“Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant,
involves two issues: whether the State has consented to suit and whether the State has
accepted liability.”


 “Immunity from suit is jurisdictional and bars suit; immunity from liability
is not jurisdictional and protects from judgments.”



          In the present case, Alton appears to argue that it is immune from suit. Alton argues
that this case is similar to City of Galveston v. State of Texas, in which the supreme court
held that cities are immune from suits filed on behalf of the State by the Attorney General
to recover money damages.


 We find City of Galveston to be inapposite; here, the
underlying suit does not involve the recovery of money damages. 
          The Texas Supreme Court has noted that certain declaratory judgment actions do
not implicate the doctrine of governmental immunity.


 An action for declaratory judgment
seeking only a clarification of rights, attorney’s fees, and costs—as here, in the underlying
action—is not a suit for damages against the State and is not barred by governmental
immunity.


 
          We do not construe Alton’s argument as asserting immunity to liability. Insofar as
Alton attempted to raise such an issue, we conclude that the issue was inadequately
briefed and was therefore waived.



IV. Conclusion 
          We overrule Alton’s issue and affirm the trial court’s judgment. 



                                                  
                                                                                        
                                                                                         LINDA REYNA YAÑEZ,
                                                                                         Justice

Delivered and filed the
14th day of October, 2010.